[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14984
Non-Argument Calendar
_____

D. C. Docket No. 2:11-cr-00186-RDP-TMP-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEREMY PAUL STUBBLEFIELD,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(October 31, 2012)


Before HULL, EDMONDSON, and BLACK, Circuit Judges.


PER CURIAM:

Jeremy Paul Stubblefield, who pleaded guilty to two counts of enticing a

minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), appeals his

total 204-month sentence.  No reversible error has been shown; we affirm.

Stubblefield challenges the procedural and substantive reasonableness of his sentence.  On procedure, Stubblefield argues that the district court failed to consider properly the 18 U.S.C. § 3553(a) factors when the court imposed his sentence.  On substance, Stubblefield contends that his sentence is greater than necessary to achieve the statutory purposes of sentencing.

We review a final sentence for procedural and substantive reasonableness. United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008).  A sentence might be procedurally unreasonable if the district court fails to explain adequately the chosen sentence.  Id.  We evaluate the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard.  Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).  The party challenging the reasonableness of the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the section 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir 2005).[*]

---

[*] Under section 3553(a), a district court should consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities.  See 18 U.S.C. § 3553(a)(1)-(7).

We conclude that Stubblefield's sentence -- which was well within the applicable guidelines range of 188 to 235 months -- was both procedurally and substantively reasonable.  See id. (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable").  The sentence was well below the statutory maximum of life imprisonment.  See United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005) (comparing, as one indication of reasonableness, the actual prison term imposed against the statutory maximum).

No procedural error occurred.  The district court explicitly noted that it had considered the advisory guideline range, the presentence investigation report outlining Stubblefield's offense conduct, his lack of a criminal history, and his arguments in support of a 120-month statutory minimum sentence; and the court concluded that Stubblefield's case did not warrant a sentence below the guidelines range.  The district court's statement of reasons was sufficient.  See Rita v. United States, 551 U.S. 338, 356-59, 127 S.Ct. 2456, 2468-69, 168 L.Ed.2d 203 (2007) (a lengthy explanation is not necessarily required when a judge decides to follow the guidelines in a particular case, especially where a sentencing judge has listened to the arguments of the parties, considered the supporting evidence, and was aware of the special conditions of the defendant).

3

Stubblefield's argument that the court's statement did not reflect a consideration of relevant section 3553(a) factors plainly is belied by the record. The court highlighted that it considered the nature and circumstances of Stubblefield's offense, including that his crimes involved minors who he believed to be 13 and 11 years old, respectively. See United States v. Pugh, 515 F.3d 1179, 1202 (11th Cir. 2008) (we have upheld severe sentences in child sex offenses because of the seriousness of those crimes). And nothing in the record supports Stubblefield's contention that the district court treated the guidelines range as mandatory. That the court stated that it did not see a reason to vary downward in Stubblefield's case was not impermissible: a district court can inquire into whether the case before it is a typical case that would have been fully within the contemplation of the Sentencing Commission. See United States v. Livesay, 525 F.3d 1081, 1090 (11th Cir. 2008).

That Stubblefield felt other section 3553(a) factors -- his age, lack of criminal history, and cooperation with the government -- weighed in favor of a lower sentence does not make the district court's choice of sentence unreasonable. "The weight to be accorded any given [section] 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." United States v. Amedeo, 487

4

F.3d 823, 832 (11th Cir. 2007) (quotation and citation omitted).  We cannot say that the total 204-month within-range sentence failed to reflect the purposes of sentencing or that the district court committed "a clear error of judgment in weighing the [section] 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  See Pugh, 515 F.3d at 1203 (quotation and citation omitted).

AFFIRMED.